JAMES *vs.* JAMES *et al.*, administrators.

A motion for a new trial was set by order in vacation, and the movant was required to prepare a brief of the evidence at the time and place set for the hearing. The movant appeared, but counsel for the opposite party, being sick, was absent, and by order of the judge, the case was postponed, to be heard on the fourth Monday in January thereafter, during the term of the superior court in which it originated. The movant was ready, with the brief, all the time:

*Held,* that when the case was called in its order on the motion docket, and the brief of evidence was presented for approval, it was error to dismiss the motion for new trial because the brief of evidence had not been approved and filed on the fourth Monday in January. The case having been continued to the next regular term, the superior court had full jurisdiction thereof.

December 21, 1886.

New Trial. Practice in Superior Court. Before Judge HARRIS. Douglas Superior Court. January Term, 1886.

Reported in the decision.

W. A. JAMES, for plaintiff in error.

No appearance for defendants.

BLANDFORD, Justice.

This was a motion for new trial, and a rule *nisi* was granted, returnable before the judge in vacation at Carrollton in chambers. The order required movant to prepare a brief of the evidence. At the time and place for the hearing, movant appeared, but the counsel for the opposite party did not; he was sick; and the case, by the order of the judge, was postponed to be heard the fourth Monday in January thereafter, during Douglas superior court, in which court the motion originated. Movant was ready with brief all the time. The case was reached on the motion docket and called in its order. The movant presented the brief of evidence and asked for its approval by the court. A motion was made by respondents to dismiss the motion for new trial because the brief of evidence had not been approved by the presiding judge and filed by movant on the fourth Monday in January, as the order in vacation continuing the case provided. The court sustained the motion and dismissed the motion for new trial, and to this decision movant excepted, and assigns error thereon.

When the judge continued the motion to the next regular term of Douglas superior court, and the term arrived, the superior court of that county had full jurisdiction of the whole case, by the law, not depending upon any consent or agreement of the parties or their counsel; and when the case was called in its order on the motion docket, the court should have examined the brief of evidence, and if correct, approved it and heard and determined the case, unless a further day was given to the parties to be heard. Such is the rule as has been recognized in previous decisions of this court. The brief of evidence, as approved by the court, becomes a part of the record without regard to the agreement of counsel. The movant, in a motion for new trial, must prepare the brief of evidence and submit the same to the presiding judge, and he may, if he chooses,

submit it to the opposite party and hear such suggestions as he may make as to its correctness; but the judge must determine its correctness, and when so altered, if necessary, as to make it speak the truth, he must approve the brief, and this can be done at any time before the motion is heard, if heard in term.    It is error to dismiss the motion, where the same is heard in term before the hearing, because the brief has not been approved.    This is so because the whole matter is before the court upon the motion for new trial, and everything necessary to be done, which will enable the party to be heard on his motion, the court should direct to be done.    But when the case is to be heard in vacation, then the order granted in term becomes the law which regulates the hearing, and must be complied with; and if the hearing is postponed to the next term, then the case is to be heard and determined under the law regulating such trials and cases.    We do not say that the judge, in granting a rule *nisi* for a future hearing, may not impose terms on the parties with which they may be compelled to comply or have the case dismissed; this is within the discretion of the court.    But in the present case, the movant did all he was required to do; and it was error to have dismissed his case.

Judgment reversed.